UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 24-1882-KK-DTBx | Date: | January 17, 2025 |
|---|---|---|---|
| Title: | *Robert Trionfi v. San Bernardino County, et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order to Show Cause Why Action Should Not Be Dismissed for Lack of Subject Matter Jurisdiction

On December 3, 2024, plaintiff Robert Trionfi ("Plaintiff") filed the operative First Amended Complaint ("FAC") against defendants San Bernardino County, San Bernardino County Sheriff's Department, Alec Ramirez, Cody Blackwell, Nicholas Baca, Scott Abernathy, Big Bear City, and Does 1 through 100 ("Defendants") asserting state law claims arising out of Defendants' search of Plaintiff's residence.  ECF Docket No. ("Dkt.") 18, FAC.

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute[.]"  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Thus, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists," and may raise the issue "on its own initiative, at any stage in the litigation[.]"  Arbaugh v. Y&H Corp., 546 U.S. 500, 506, 514 (2006).  The party asserting federal jurisdiction bears the burden of proving jurisdiction exists.  Me. Cmty. Health Options v. Albertsons Cos., Inc., 993 F.3d 720, 723 (9th Cir. 2021).

"In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."  Peralta v. Hisp. Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005).  Under 28 U.S.C. § 1332(a), a federal district court has original jurisdiction over a civil action where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  With respect to the parties' citizenship, an individual is deemed to be a citizen of the state where they are domiciled, see Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  District courts also have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the

United States." 28 U.S.C. § 1331.  Generally, a case "arises under federal law" for purposes of establishing federal question jurisdiction under 28 U.S.C. § 1331 "when federal law creates the cause of action asserted."  Negrete v. City of Oakland, 46 F.4th 811, 816-17 (9th Cir. 2022).

  Here, there is no diversity of citizenship between the parties.  FAC ¶¶ 5-12.  In addition, the FAC removes the sole federal claim that conferred the Court with federal question jurisdiction.  Therefore, as the Supreme Court recently held, remand is mandated.  Royal Canin U. S. A., Inc. v. Wullschleger, No. 23-677, 2025 WL 96212, at *6 (U.S. Jan. 15, 2025) ("[W]hen the plaintiff in an original case amends her complaint to withdraw the federal claims, leaving only state claims behind, she divests the federal court of adjudicatory power.").

  Accordingly, the parties are **ORDERED TO SHOW CAUSE** in writing why this action should not be dismissed for lack of subject matter jurisdiction.  The parties shall file a response to this Order **no later than January 24, 2025.**

  **Plaintiff is expressly warned that failure to timely file a response to this Order will result in this action being dismissed without prejudice for lack of subject matter jurisdiction and/or failure to prosecute and comply with court orders.  See Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 41(b).**

  **IT IS SO ORDERED**.