UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-1882-KK-DTBx** | Date: | January 28, 2025 |
|---|---|---|---|

| Title: | *Robert Trionfi v. San Bernardino County, et al.* |
|---|---|

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) Order Remanding for Lack of Subject Matter Jurisdiction**

Plaintiff Robert Trionfi ("Plaintiff") commenced this action on November 27, 2023 by filing a Complaint in the Superior Court of the State of California for the County of San Bernardino against defendants San Bernardino County, San Bernardino County Sheriff's Department, Alec Ramirez, Cody Blackwell, Nicholas Baca, Scott Abernathy, Big Bear City, and Does 1 through 100 ("Defendants"). See ECF Docket No. ("Dkt.") 1, Exhibit A. The Complaint asserted claims under 42 U.S.C. § 1983, in addition to state claims. Id. On September 4, 2024, defendants San Bernardino County, San Bernardino County Sheriff's Department, Alec Ramirez, Cody Blackwell, Nicholas Baca, and Scott Abernathy removed the action to this Court asserting federal question jurisdiction. Dkt. 1.

On December 3, 2024, Plaintiff filed the operative First Amended Complaint ("FAC") against Defendants asserting only state law claims. Dkt. 19, FAC. Hence, because there no longer appeared to be a basis for this Court to exercise jurisdiction, on January 17, 2025, this Court issued an Order to Show Cause as to why this action should not be dismissed. Dkt. 25.

The parties have now filed separate responses stating their agreement that this matter should be dismissed and remanded to state court. See dkts. 27, 28.

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Thus, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists," and may raise the issue "on its own initiative, at any stage in the litigation[.]"

---

**CIVIL MINUTES—GENERAL**

Arbaugh v. Y&H Corp., 546 U.S. 500, 506, 514 (2006).  The party asserting federal jurisdiction bears the burden of proving jurisdiction exists.  Me. Cmty. Health Options v. Albertsons Cos., Inc., 993 F.3d 720, 723 (9th Cir. 2021).

"In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." Peralta v. Hisp. Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005).  Under 28 U.S.C. § 1332(a), a federal district court has original jurisdiction over a civil action where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  With respect to the parties' citizenship, an individual is deemed to be a citizen of the state where they are domiciled.  See Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  District courts also have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Generally, a case "arises under federal law" for purposes of establishing federal question jurisdiction under 28 U.S.C. § 1331 "when federal law creates the cause of action asserted." Negrete v. City of Oakland, 46 F.4th 811, 816-17 (9th Cir. 2022).

Here, there is no diversity of citizenship between the parties.  FAC ¶¶ 5-12.  In addition, the FAC removes the sole federal claim that conferred the Court with federal question jurisdiction.  Therefore, as the Supreme Court recently held, remand is mandated.  Royal Canin U. S. A., Inc. v. Wullschleger, No. 23-677, 2025 WL 96212, at *6 (U.S. Jan. 15, 2025) ("[W]hen the plaintiff in an original case amends her complaint to withdraw the federal claims, leaving only state claims behind, she divests the federal court of adjudicatory power.").

Accordingly, **IT IS HEREBY ORDERED**:

1. **This matter is REMANDED to the Superior Court of California, County of San Bernardino; and**
2. **The Clerk of Court shall close this case and send a certified copy of this Order to the state court.**

**IT IS SO ORDERED**.  (JS-6)